```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DR. SUNIL DARBARI,                      :
                    Plaintiff,          :
                                        :      10 Civ. 5101 (DLC)
         -v-                            :
                                        :      OPINION & ORDER
LENOX HILL HOSPITAL, INC. and           :
LENOX HILL HEART AND VASCULAR           :
INSTITUTE OF NEW YORK,                  :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Ronald Weisenberg
Law Office of Ronald B. Weisenberg, P.C.
167 E. 67th St., Suite 9A
New York, NY 10065

For Defendants:
Ricki E. Roer
Scott R. Abraham
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 E. 42nd St.
New York, NY 10017

DENISE COTE, District Judge:

Plaintiff Dr. Sunil Darbari ("Darbari") brings this action for breach of his employment agreement for a post-residency cardiovascular fellowship by defendants Lenox Hill Hospital, Inc. and Lenox Hill Heart and Vascular Institute of New York (collectively, "Lenox Hill").[1]  Because New York Public Health

---

[1] Defendants assert that they were improperly sued as Lenox Hill Hospital, Inc. and Lenox Hill Heart and Vascular Institute of

Law § 2801-b divests the Court of primary jurisdiction over this case, and because Darbari fails to state a claim for breach of contract, Lenox Hill's motion to dismiss is granted.

BACKGROUND

The amended complaint (the "Complaint") states one cause of action for breach of contract.  It asserts that after Lenox Hill had extended an offer to Darbari of a one-year cardiovascular fellowship and Darbari had returned a signed contract accepting the position, Lenox Hill breached the agreement by abruptly withdrawing its offer of employment.  The Complaint further alleges that Darbari declined other lucrative offers of employment in reliance on the cardiovascular fellowship position at Lenox Hill; it seeks damages in excess of $250,000 flowing from the breach.

Darbari immigrated to the United States from India after receiving his bachelor degree and completing a residency in internal medicine there.  He enrolled in a residency program in internal medicine at Lenox Hill, a New York hospital, in 1997; upon completion of his residency, Darbari embarked on a fellowship in cardiology, also at Lenox Hill.  Darbari moved to Las Vegas, Nevada in 2003, and began practicing non-invasive

---

New York and that they should have been sued solely under the title "Lenox Hill Hospital."

cardiology.  Non-invasive cardiologists specialize in performing testing and evaluation to diagnose heart disease.

In September of 2008, Darbari applied for a position with the Interventional Cardiology Fellowship Training Program at Lenox Hill, which provides training in coronary angioplasty procedures.  In a letter dated February 26, 2009 (the "February 26 Letter"), Dr. Kirk Garratt ("Garratt") of Lenox Hill extended to Darbari "an offer of fellowship training in Interventional Cardiology with Lenox Hill Heart and Vascular Institute in New York, at Lenox Hill Hospital, beginning July 1, 2009-June 30, 2010."  The February 26 Letter went on to require that Darbari "contact my office promptly, in writing, to signify acceptance of this position. . . . Following word from you, I will send further detailed information pertaining to scheduling and other logistics regarding the position."  The February 26 Letter contained a line for Darbari's signature at the bottom; above the signature it provided, "I hereby accept the offer for fellowship training at Lenox Hill Heart and Vascular Institute of New York, commencing July 1, 2009 with duration of one year."  Darbari signed the February 26 Letter and returned it to Lenox Hill in March of 2009.

On March 19, Darbari received the Lenox Hill Hospital House Staff Appointment Agreement (the "Agreement"), which was marked

"Final Contract."  The first paragraph of the agreement, titled "Qualifications and Credentials for Residency," provided:

> This Agreement is not valid until all medical education and other qualifications and credentials as required by Lenox Hill Hospital and by applicable laws and regulations have been verified.  In the event that such qualifications or credentials are not provided by the Resident to the Hospital prior to the commencement date of this Agreement or do not meet the requirements of the Hospital, this Agreement is null and void.

Darbari signed the Agreement on March 21 and returned it to Lenox Hill.[2]

On May 6, Garratt telephoned Darbari to notify him that Lenox Hill was withdrawing its offer of a position in the fellowship program.  Darbari received a formal letter of withdrawal on May 20; the letter noted that Lenox Hill had recently become aware that Darbari lacked the "baseline competency in cardiac catheterization" required for the fellowship program and it was therefore withdrawing its offer in light of Darbari's lack of qualifications.

Darbari filed his original complaint on July 2, 2010.  The original complaint asserted claims for specific performance, breach of contract, and promissory estoppel.  Lenox Hill filed a motion to dismiss on September 21; Darbari subsequently amended his complaint to assert only the breach of contract claim on

---

[2] The Agreement is referenced in the Complaint and was submitted by Lenox Hill in support of its motion to dismiss.  It is properly considered on this motion to dismiss because it is integral to the Complaint.

4

October 22.  Lenox Hill moved to dismiss the amended complaint on November 12.  The motion was fully submitted on January 19, 2011.

DISCUSSION

Lenox Hill has moved to dismiss the Complaint on the ground that New York law requires doctors to raise any claims of wrongful termination or denial of privileges with the New York State Public Health Council (the "PHC") prior to seeking redress in court.  Lenox Hill further contends that even if Darbari does not have to exhaust his administrative remedies before bringing suit, he has failed to state a claim for breach of contract because the Agreement allows Lenox Hill to terminate the fellowship offer if it determines that an applicant lacks the requisite qualifications for participation in the program.

On a motion to dismiss the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  The court is "not bound to accept as true legal conclusions couched as factual allegations.  Only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 475-76 (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009)).

Jurisdiction

The doctrine of primary jurisdiction is implicated where "enforcement of [a] claim requires the resolution of issues, which, under a regulatory scheme, have been placed within the special competence of an administrative body." Johnson v. Nyack Hosp., 964 F.2d 116, 122 (2d Cir. 1992) (citation omitted). The doctrine requires that courts allow administrative agencies with particular expertise to resolve complicated factual issues before taking jurisdiction over a dispute.

Under New York law,[3] a hospital may "refuse to act upon an application for staff membership or professional privileges or [] deny or withhold . . . staff membership or professional privileges in a hospital[] or [] exclude or expel a physician" only for reasons related "to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the [physician]."  N.Y. Pub. Health Law § 2801-b(1).  A physician challenging the termination of hospital privileges must file a complaint with the PHC and await review by that administrative body prior to filing a claim in court. N.Y. Pub. Health Law § 2801-b(2).  The Second Circuit has interpreted this statute to require that a "physician who asserts a damages claim that turns on whether the hospital

---

[3] The parties have not argued that any law other than that of New York should be applied here.

6

legitimately terminated his privileges must first file a claim with the PHC." Nyack, 964 F.2d at 121.  Further, the New York Court of Appeals has held that a medical resident alleging wrongful termination is required to file a claim with the PHC prior to bringing suit for breach of contract.  Indemini v. Beth Israel Medical Center, 790 N.Y.S.2d 625, 627 (N.Y. 2005).

This case falls squarely within the PHC's primary jurisdiction.  Lenox Hill claims that it withdrew Darbari's fellowship position because it determined that he lacked the qualifications necessary for participation in the program.  The PHC is uniquely situated to assess whether Lenox Hill had a valid medical justification for withdrawing its offer, and this Court will defer to its expertise in resolving these types of complex factual issues.  Darbari's argument that "there are no questions of fact whose resolution would be aided by the PHC's expertise" is unavailing.  New York Public Health Law § 2801-b clearly states that the PHC is the body ordinarily authorized to handle employment disputes between hospitals and their physician staff, and Darbari has not pointed to any factors present here that would take this case outside of the realm of the ordinary employment dispute.

Breach of Contract

Even assuming that the doctrine of primary jurisdiction does not apply, Darbari's claim also fails on the merits because he has not established that Lenox Hill breached the Agreement. Under New York law,

> in order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach.

Diesel Props S.R.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011).  If a contract imposes a condition precedent to performance, a party cannot establish a breach unless it can show that it satisfied the condition.  A contract imposes a condition precedent where it provides that "an act or event, other than a lapse of time, unless excused, must occur before a duty to perform a promise in the agreement arises." Id. at 53 (citation omitted).

Because the Agreement contains a condition precedent which Darbari failed to satisfy, Darbari has not established a breach of the Agreement.  The Agreement provides that it is "not valid until all medical education and other qualifications and credentials as required by Lenox Hill Hospital and by applicable laws and regulations have been verified."  Darbari does not

8

contest Lenox Hill's argument that he lacked the necessary qualifications in invasive cardiology to enter the fellowship program.  Instead, he merely notes that he took great pains to make Lenox Hill aware that he lacked training in invasive cardiology during the application process in the fall of 2008.  This is irrelevant, however, to satisfaction of the condition in the Agreement that Lenox Hill must verify that the applicant has the necessary qualifications.  Thus, Darbari cannot show that Lenox Hill breached the agreement.

Darbari's argument that the Agreement does not apply to him because language in an attached cover letter indicated that it was only applicable to candidates who "matched" during the regular interviewing process is unavailing for several reasons.  First, Darbari signed the Agreement and thus was bound to its terms by his signature.  Moreover, under New York law "evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing."  Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458, 466 (2d Cir. 2010) (citation omitted).

Finally, Darbari argues that the February 26 Letter constituted a valid contract in and of itself and that Lenox Hill stands in breach of that letter.  New York law is settled, however, that a prior writing is integrated with the terms of a

9

subsequent contract on the same subject matter. <u>Private One of N.Y. LLC v. JMRL Sales & Serv., Inc.</u>, 471 F. Supp. 2d 216, 223 (E.D.N.Y. 2007) (collecting cases). This is true "even in the absence of an integration and merger clause, since prior agreements are deemed to merge and be subsumed in a later written agreement." <u>Id.</u> (citation omitted). The Agreement was marked as "Final Contract" and thus was clearly intended to be the final writing memorializing the agreement between the parties. Thus, the February 26 Letter merged into the Agreement and cannot be considered without reference to the later Agreement.

## CONCLUSION

Lenox Hill's November 12, 2010 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:   New York, New York
         March 24, 2011

                                              DENISE COTE
                            United States District Judge